IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-404

 No. COA20-491

 Filed 3 August 2021

 Forsyth County, Nos. 17 CRS 55585-92

 STATE OF NORTH CAROLINA

 v.

 GABRIEL LYNN BURNS

 Appeal by Defendant from judgment entered 25 January 2019 by Judge Eric

 C. Morgan in Forsyth County Superior Court. Heard in the Court of Appeals 8 June

 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Amber I.
 Davis, for the State.

 Michael E. Casterline, for Defendant-Appellant.

 WOOD, Judge.

¶1 On January 25, 2019, a Forsyth County jury convicted Gabriel Burns

 (“Defendant”) of four charges of statutory sex offense with a child under thirteen by

 an adult and sixteen charges of indecent liberties with a minor. On appeal, Defendant

 contends there is insufficient evidence to support his convictions for statutory sex

 offense because there was no evidence of penetration. After careful review, we find

 no error.
 STATE V. BURNS

 2021-NCCOA-404

 Opinion of the Court

 I. Background

¶2 Ms. B is the mother of two daughters. Ms. B began dating Defendant in the

 summer of 2016, when Hannah,1 Ms. B’s youngest child, was eight years old. By

 October 2016, Ms. B and Hannah were living with Defendant in his house. At the

 time, Defendant worked as a mechanic and Ms. B was unemployed.

¶3 Prior to moving into Defendant’s home with Ms. B and Defendant, Hannah

 lived with Ms. L, her maternal grandmother, and attended Kimmel Farms

 Elementary School in Winston Salem. After moving into Defendant’s home, Hannah

 was no longer in the school zone for Kimmel Farms Elementary School. In order to

 keep Hannah in the same school, Ms. B arranged for Defendant to drive Hannah from

 his home to Ms. L’s house each morning on his way to work so Hannah could ride the

 school bus to Kimmel Farms Elementary School. Defendant also picked Hannah up

 from Ms. L’s house about three evenings per week to take her back to his house.

¶4 At first, Defendant dropped Hannah off at Ms. L’s house each morning and she

 went inside to wait for the bus. After approximately a month, Defendant began

 parking his car outside Ms. L’s home and keeping Hannah in the car with him until

 the bus arrived. Defendant parked in front of Ms. L’s house, in a spot where his car

 1 See N.C. R. App. P. 42(b) (pseudonyms are used to protect the identity of the
 juveniles).
 STATE V. BURNS

 2021-NCCOA-404

 Opinion of the Court

 could be seen from inside Ms. L’s house. After some time of doing this, Defendant

 started parking in a spot where it was more difficult to see his car from inside Ms. L’s

 home.

¶5 Following Hannah’s move to Defendant’s home, her behavior began to change.

 Hannah started having difficulty going to sleep, and Ms. B had to call Ms. L to calm

 Hannah down. On March 9, 2017, Hannah told Ms. L that Defendant had been

 touching her “down there” in the car on the way to and from Ms. L’s house. Hannah

 told Ms. L she could “take it no more.” She alleged Defendant was also touching her

 at his house when Ms. B was not in the room.

¶6 Ms. L took Hannah to the Department of Social Services, where they spoke to

 a social worker. Later that evening, at the request of the social worker, Ms. L took

 Hannah to a local hospital where she received a sexual assault examination. That

 same night, Defendant agreed to allow hospital personnel to collect evidence for a

 sexual assault kit from him. He also allowed police to examine his minivan.

¶7 On April 12, 2017, Hannah received a child medical examination. A recorded

 forensic interview was also conducted with her that day. Defendant agreed to be

 interviewed by police on May 25, 2017. On June 2, 2017, another recorded interview

 with Hannah was conducted by a police detective to ensure the detective “understood

 everything in order, and the dates, and times, and locations” of the alleged assaults

 because “how [Hannah] was touched . . . had already been covered.” Defendant was
 STATE V. BURNS

 2021-NCCOA-404

 Opinion of the Court

 arrested on June 15, 2017. On September 25, 2017, Defendant was indicted on four

 charges of statutory sex offense with a child under thirteen by an adult and sixteen

 charges of indecent liberties with a minor. His trial in the Forsyth County Superior

 Court lasted from January 14, 2019, until January 25, 2019.

¶8 During the State’s evidence, an eleven-year-old Hannah testified that, for

 months, beginning when she was eight years old, Defendant rubbed his fingers “in

 circles” on her vagina and was “messing” with her by touching her vagina both in his

 car and at his home. When asked at trial about where Defendant was placing his

 fingers, Hannah testified it was on her vagina “where I wipe at” and Defendant

 rubbed his fingers on the “place where I pee.” Hannah also clarified that nothing had

 ever gone “inside” her vagina.

¶9 After the State rested, Defendant’s attorney moved to dismiss the charges. The

 trial court denied the motion. Defendant testified and denied that the allegations

 Hannah made against him were true, specifically denying that he touched Hannah

 inappropriately.

¶ 10 The jury convicted Defendant of all charges on January 25, 2019. Defendant

 gave oral notice of appeal in open court.

 II. Discussion

¶ 11 In his sole argument on appeal, Defendant contends there was insufficient

 evidence to support his convictions for statutory sex offense because the State failed
 STATE V. BURNS

 2021-NCCOA-404

 Opinion of the Court

 to present sufficient evidence of penetration. We disagree.

¶ 12 We review whether the State presented evidence sufficient to survive a motion

 to dismiss de novo. State v. Bagley, 183 N.C. App. 514, 523, 644 S.E.2d 615, 621

 (2007). “Under a de novo review, [this] [C]ourt considers the matter anew and freely

 substitutes its own judgment for that of the lower tribunal.” State v. Williams, 362

 N.C. 628, 632, 669 S.E.2d 290, 294 (2008) (internal quotation marks omitted). “When

 determining the sufficiency of the evidence to support a charged offense, [this Court]

 must view the evidence ‘in the light most favorable to the State, giving the State the

 benefit of all reasonable inferences.’ ” State v. Trull, 349 N.C. 428, 447, 509 S.E.2d

 178, 191 (1998) (quoting State v. Benson, 331 N.C. 537, 544, 417 S.E.2d 756, 761

 (1992)). Furthermore, “[a] defendant’s motion to dismiss must be denied if the

 evidence considered in the light most favorable to the State permits a rational jury to

 find beyond a reasonable doubt the existence of each element of the charged crime

 and that defendant was the perpetrator.” State v. Campbell, 359 N.C. 644, 681, 617

 S.E.2d 1, 56 (2005) (quoting Trull, 349 N.C. at 447, 509 S.E.2d at 191).

¶ 13 “On a defendant’s motion for dismissal on the ground of insufficiency of the

 evidence, the trial court must determine only whether there is substantial evidence

 of each essential element of the offense charged and of the defendant being the

 perpetrator of the offense.” State v. Crawford, 344 N.C. 65, 73, 472 S.E.2d 920, 925,

 (1996). “Substantial evidence is relevant evidence that a reasonable mind might
 STATE V. BURNS

 2021-NCCOA-404

 Opinion of the Court

 accept as adequate to support a conclusion.” Id.

¶ 14 Under N.C. Gen. Stat. § 14-27.28(a), “[a] person is guilty of statutory sexual

 offense with a child by an adult if the person is at least 18 years of age and engages

 in a sexual act with a victim who is a child under the age of 13 years.” N.C. Gen.

 Stat. § 14-27.28(a) (2021). In North Carolina, a sexual act is defined, inter alia, by

 “the penetration, however slight, by any object into the genital or anal opening of

 another person’s body.” N.C. Gen. Stat. § 14-27.20(4) (2021).

¶ 15 In the present appeal, Defendant concedes he is an adult over the age of

 eighteen, and Hannah was between eight and nine years old when the alleged sexual

 contact occurred. Therefore, the only element in dispute is the element of

 penetration. See N.C. Gen. Stat. § 14-27.28(a); see also N.C. Gen. Stat. § 14-27.20(4).

¶ 16 This Court addressed the penetration element of our first-degree sexual offense

 charge in State v. Bellamy, 172 N.C. App. 649, 617 S.E.2d 81 (2005). In Bellamy,

 while committing an armed robbery of a fast-food restaurant, the defendant held a

 woman at gunpoint and forced her to remove her pants and underwear. Bellamy, 172

 N.C. App. at 654, 617 S.E.2d at 86. The defendant then ordered his victim to spread

 her labia apart so that he could touch and separate it further with the barrel of his

 gun. Id. Though the defendant had no further sexual contact with the victim, this

 Court affirmed the defendant’s conviction, reasoning that there was no rationale for

 deviating from its precedent that penetrating a victim’s labia constitutes a sexual act
 STATE V. BURNS

 2021-NCCOA-404

 Opinion of the Court

 sufficient to establish the penetration element of the first-degree sexual offense

 charge. Id. at 658, 617 S.E.2d at 88.

¶ 17 Here, while there is no evidence Defendant inserted his fingers into Hannah’s

 vagina, there is sufficient evidence he penetrated her labia by rubbing his fingers in

 circles on her vulva. Specifically, Hannah confirmed that though Defendant’s fingers

 did not go “inside” her vagina, his fingers did touch “on my vagina where I wipe at”

 and “on the place where I pee.” The small opening where a female urinates is her

 urethral opening, which is located within the labia minora, below the clitoris and

 above the vaginal opening.2 Accordingly, in order to touch the urethral opening from

 which a female urinates, the labia majora and labia minora almost certainly have to

 be entered like that of the victim’s in Bellamy. Thus, in order for Defendant’s fingers

 to have touched Hannah’s urethral opening, his fingers had to have been within

 Hannah’s labia.

¶ 18 This Court has concluded that a victim’s testimony of being touched in between

 the labia is sufficient evidence to survive a motion to dismiss by the defendant. For

 example, in State v. Corbett, the defendant contended on appeal the State provided

 no evidence of penetration constituting a sexual act as defined by N.C. Gen. Stat. §

 2 The urethral opening is the “external opening of the transport tube that leads from

 the bladder to discharge urine outside the body in a female.” The opening “of the female
 urethra is below the clitoris and just above the opening of the vagina.”
 https://www.medicinenet.com/female_urethral_opening/definition.htm.
 STATE V. BURNS

 2021-NCCOA-404

 Opinion of the Court

 14-27.20(4), despite the victim’s testimony that she was touched “in between the

 labia” by the defendant. 264 N.C. App. 93, 96, 824 S.E.2d 875, 879 (2019). In that

 case, this Court held the victim’s testimony, when viewed in the light most favorable

 to the State, was sufficient so that reasonable jurors could have determined that it

 constituted substantial evidence to establish the element of penetration in the offense

 charged. Id. at 99, 824 S.E.2d at 879. In doing so, we reasoned that since evidence

 of penetrating the labia is sufficient to establish the element of penetration in a

 sexual act, the victim’s testimony she was touched “in between the labia” was

 sufficient to establish the element in the defendant’s rape charge. Id. at 98-99, 824

 S.E.2d at 878-79 (citing Bellamy, 172 N.C. App. at 658, 617 S.E.2d at 88).

¶ 19 Here, the State’s evidence consisted of testimony from Hannah, Ms. L,

 Hannah’s uncle, and Hannah’s therapist. The State’s witnesses all testified

 Defendant touched Hannah “in [her] vagina,” “down there,” and “in her private

 areas,” and had his hands “inside [Hannah’s] panties, rubbing up and down.” The

 State, in the present appeal, presented sufficient evidence by offering the victim’s

 testimony that she was touched by Defendant and corroborating testimony from Ms.

 L, Hannah’s uncle, and Hannah’s therapist who she confided in regarding the abuse.

 See Corbett, 264 N.C. App. at 99, 824 S.E.2d at 879 (finding that victim testimony,

 alone, is sufficient evidence of the element of penetration). Thus, we hold the State

 presented substantial evidence supporting the element of penetration from which
 STATE V. BURNS

 2021-NCCOA-404

 Opinion of the Court

reasonable jurors could have concluded Defendant committed first-degree sex offense.

Accordingly, we find no error.

 NO ERROR.

 Chief Judge STROUD and Judge COLLINS concur.